UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STALLION HEAVY HAULERS, LP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| LINCOLN GENERAL INSURANCE COMPANY, | § § § | SA-09-CA-0317-FB |
| Defendant. | § § § | |

### ORDER GRANTING OPPOSED MOTION TO STRIKE
### EXPERT WITNESS DESIGNATION AND REPORT

This order addresses defendant Lincoln General Insurance Company's (Lincoln) opposed motion to strike the expert witness designation and report of Michael W. Huddleston.[1]  I have jurisdiction to resolve the motion because it is nondispositive and because the district judge referred the motion to me.[2]  After considering the motion, the response, and the reply, I grant the motion.

**Background.**  This case involves an insurance policy as it relates to certain claims arising from a motorcycle accident.  Billy and Vicki Taylor were injured as a result and sued several defendants—to include plaintiff Stallion Heavy Haulers (Stallion)— in state court.  Stallion's insurer—Steadfast Insurance Company (Steadfast)—settled with the Taylors in the state-court lawsuit.

---

[1]Docket entry # 23.  The expert report which is the subject of the motion is attached as exhibit B to the motion to strike.

[2]Docket entry # 26.

Steadfast —the real party in interest in this case— maintains Stallion is an insured under a Lincoln insurance policy.  Under the policy, Lincoln insured another defendant in the Taylors' state-court lawsuit.[3]  Steadfast maintains the Lincoln policy covered Stallion, and insists Lincoln owed Stallion a duty to defend and indemnify in the state-court lawsuit.[4]  Steadfast seeks from Lincoln recovery of defense costs and indemnification payments paid out on behalf of Stallion.

**Lincoln's motion**.  Stallion designated attorney Michael Huddleston as an expert witness.[5]  Huddleston has been a licensed attorney for 27 years.  Stallion designated Huddleston to testify about the Lincoln insurance policy and the ramifications of policy terms.[6]  Lincoln moved to strike Huddleston's expert witness designation and report on the ground that Huddleston offered improper legal opinions on questions of law.[7]

Lincoln complained that Stallion is not allowed to bring additional counsel into the case under the guise of an expert opinion.  Lincoln maintained that designating Huddleston as an expert invades the court's role in determining the law to apply to this case.  Lincoln characterized Huddleston's report as addressing questions of law; specifically, the duty to defend and the duty to indemnify.

Stallion conceded that Huddleston's report discusses a great deal of legal authority, but

---

[3]The complaint alleges that Lincoln issued Rig Runners, Inc., the insurance policy. Stallion had contracted with Rig Runners to assist in transporting an oil drilling rig.

[4]Docket entry # 1.

[5]Docket entry # 23, exh. A.

[6]Docket entry # 23, exh. B.

[7]Docket entry # 36.

argued that Huddleston's root opinions concern Lincoln's handling of the claim and the reasonableness of Lincoln's actions in accordance with the usual and customary practices of the insurance industry. Stallion characterized Huddleston's opinions as mixed questions of law and fact—opinions that Stallion insisted are permitted under Texas insurance law.

**Applicable standards.** "As a threshold matter, the trial judge must determine whether the proffered witness is qualified to give the expert opinion he seeks to express."[8] Witnesses may be qualified as experts if they possess specialized knowledge, skill, experience, training, or education.[9] The court must determine whether the proposed expert's training or experience is sufficiently related to the issues and evidence before the court that the testimony will assist the trier of fact.[10] Rule 702 states that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has

---

[8]*Am. Home Assur. Co. v. Cat Tech, L.L.C.*, 717 F.Supp.2d 672, 681 (S.D. Tex. 2010) (citations omitted). *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) ("The trial court had to decide whether this particular expert had sufficient specialized knowledge to assist the jurors 'in deciding the particular issues in the case.'"); *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993) ("[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").

[9]Fed. R. Evid. 702.

[10]*Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir. 1995) ("Expert opinion testimony is admissible if it is helpful to the jury in understanding the evidence or determining a fact in issue.").

applied the principles and methods reliably to the facts of the case."[11]  "[T]he court has discretion to exclude expert testimony that is unhelpful to the [trier of fact]."[12]

Lincoln does not contest Huddleston's expert qualifications, but argues that his expert testimony consists of legal conclusions.  Statements of advocacy and legal conclusions do not assist the factfinder and are inadmissible.[13]  "[E]xpert opinion testimony may embrace an ultimate issue to be decided by the trier of fact. . . . Rule 704 [of the Rules of Evidence] does not permit an expert to render conclusions of law."[14]  The burden of proving the admissibility of an expert's testimony rests on Stallion as the party offering the expert as a witness.[15]

**Conclusions of law**.  Huddleston's expert witness report states opinions and makes legal conclusions citing to case law and statutes.  It is evident Huddleston is knowledgeable on the subject of insurance; however, it is unclear as to how his "expertise" will help the factfinder in this case.

Huddleston opines about subjects such as the duty to defend, the existence of coverage, the application of exclusions, and the exhaustion of policy limits.  These topics implicate

---

[11] Fed. R. Evid. 702.

[12] *Fisher v. Halliburton*, No. H-06-1168, 2009 WL 5216949, at *2 (S.D. Tex. Dec. 21, 2009) (citing Fed. R. Evid. 703).  *See* Fed. R. Evid. 703 ("Facts or data that are otherwise inadmissible shall not be disclosed to the jury . . . unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.").

[13] *Am. Home Assur.*, 717 F.Supp.2d at 681 (citing *Snap-Drape v. Comm'r of Internal Revenue*, 98 F.3d 194, 197–98 (5th Cir. 1996)).

[14] *United States v. Clark*, No. 1:09-CR-114-ALLTH, 2010 WL 2710569, at *2 (E.D. Tex. July 7, 2010) (citations omitted).

[15] *See Bocanegra v. Vicmar Services*, 320 F.3d 581, 585 (5th Cir. 2003).

questions of law.  Questions of law are the sole province of the court, not of expert witness testimony authority.  Although expert opinions are not excluded merely because they embrace ultimate issues of fact, legal conclusions do not assist the factfinder.  Despite its permissive language, Rule 704[16] "does not allow an expert to render conclusions of law."[17]  The court may exclude expert testimony that usurps the role of the judge or jury by proffering legal opinions or conclusions.[18]  Because most of Huddleston's report opines about questions of law, it is inadmissible.

**Mixed questions of law and fact.**  Stallion argues Huddleston should be permitted to testify because he will testify about mixed questions of law and fact.  Under Texas state law, experts are allowed to give testimony as to such questions.[19]  Stallion's argument fails because Texas evidence law does not apply to this case and because Huddleston's report consists of legal conclusions with very little factual background.  To the extent Huddleston addresses a mixed question of law and fact, Huddleston's report addresses few facts pertinent to the case.

**Policy interpretation**.  Huddleston also interpreted provisions and terms of the policy.  Contract law guides the interpretation of insurance policies.[20]  If the contract terms are

---

[16] Fed. R. Evid. 704.

[17] *Snap-Drape v. Comm'r of Internal Revenue*, 98 F.3d 194, 197–98 (5th Cir. 1996).

[18] *Fisher v. Halliburton*, No. H-06-1168, 2009 WL 5216949, at *2 (S.D. Tex. Dec. 21, 2009) (citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)).

[19] *Holden v. Weidenfeller*, 929 S.W.2d 124, 133 (Tex. App.—San Antonio 1996, no writ) ("An expert may, however, offer his opinion on a mixed question of law and fact as long as the opinion is confined to the relevant issues and is based on proper legal concepts.").

[20] *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 562 (5th Cir. 2010).

unambiguous, the court must decide the contract's meaning.[21]  "Expert testimony on the proper interpretation of contract terms may be admissible when the meaning depends on trade or industry practice."[22]  In this case, neither party suggests the meaning of the terms of the contract depends on trade or industry practice.  The policy terms are defined within the policy.

**Conclusion**.  Stallion did not meet its burden to show that Huddleston's legal conclusions or testimony as to questions of law and fact are admissible.  Nor has it shown how Huddleston's "expertise" will assist the trier of fact to understand the evidence or to determine a fact in issue.  For the reasons discussed in this order, I GRANT Lincoln's motion to strike Huddleston's expert witness designation and report (docket entry # 23).

**SIGNED** on January 13, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[21] *Id.*

[22] *Am. Home Assurance Co. v. Cat Tech, L.L.C.*, 717 F.Supp.2d at 682 (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 611 (5th Cir. 2000)).